[Cite as *Rayner v. Ohio Dept. of Transp.*, 2010-Ohio-4589.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

NEDRA S. RAYNER

     Plaintiff

     v.

OHIO DEPARTMENT OF TRANSPORTATION

     Defendant

     Case No. 2010-03207-AD

Deputy Clerk Daniel R. Borchert

MEMORANDUM DECISION

FINDINGS OF FACT

{¶ 1} 1) Plaintiff, Nedra S. Rayner, filed a complaint against defendant, Department of Transportation (ODOT), alleging that she suffered tire and wheel damage to her 2004 Chrysler PT Cruiser as a proximate cause of negligence on the part of ODOT in maintaining a hazardous condition on Lesh Road in Stark County. Plaintiff stated she "was driving down Lesh Road coming from Louisville Ohio toward Bob Evans (restaurant)" when her automobile struck a pothole causing the damage claimed. Plaintiff submitted a photograph depicting the damage-causing pothole. Plaintiff recalled the incident occurred on September 9, 2009 at approximately 12:00 noon. Plaintiff seeks damages in the amount of $287.30, the cost of replacement parts. The filing fee was paid.

{¶ 2} 2) Defendant filed an investigation report requesting plaintiff's claim be dismissed due to the fact the City of Canton and not ODOT bears the maintenance responsibility for Lesh Road where plaintiff's incident occurred. In support of the request to dismiss, ODOT stated "[d]efendant has performed an investigation of this site

and Lesh Road falls under the maintenance jurisdiction of the City of Canton (See Attached Maps)." ODOT further stated, "[a]s such this section of roadway is not within the maintenance jurisdiction of the defendant." Consequently, defendant contended the City of Canton is the proper party defendant to plaintiff's action. The site of the damage-causing incident was located in the City of Canton.

{¶ 3} 3) Plaintiff did not respond.

CONCLUSIONS OF LAW

{¶ 4} Ohio Revised Code Section 5501.31 in pertinent part states:

{¶ 5} "Except in the case of maintaining, repairing, erecting traffic signs on, or pavement marking of state highways within villages, which is mandatory as required by section 5521.01 of the Revised Code, and except as provided in section 5501.49 of the Revised Code, no duty of constructing, reconstructing, widening, resurfacing, maintaining, or repairing state highways within municipal corporations, or the bridges and culverts thereon, shall attach to or rest upon the director, but he may construct, reconstruct, widen, resurface, maintain, and repair the same with or without the cooperation of any municipal corporation, or with or without the cooperation of boards of county commissioners upon each municipal corporation consenting thereto."

{¶ 6} The site of the damage-causing incident was not the maintenance jurisdiction of defendant. Consequently, plaintiff's case is dismissed.

Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

NEDRA S. RAYNER

Plaintiff

v.

OHIO DEPARTMENT OF TRANSPORTATION

Defendant

Case No. 2010-03207-AD

Deputy Clerk Daniel R. Borchert

ENTRY OF ADMINISTRATIVE DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant. Court costs are assessed against plaintiff.

_____
DANIEL R. BORCHERT
Deputy Clerk

Entry cc:

Nedra S. Rayner
210 East Gorgas Street
Louisville, Ohio  44641

Jolene M. Molitoris, Director
Department of Transportation
1980 West Broad Street
Columbus, Ohio  43223

RDK/laa
4/27
Filed 5/14/10
Sent to S.C. reporter 9/17/10